UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| |  |
|---|---|
| **RICHARD A. FIGUEROA**, <br><br> Plaintiff, <br><br> v. <br><br> **MICHAEL R. POMPEO**, *Secretary, U.S. Department of State*,[1] <br><br> Defendant. | Case No. 16-cv-649 (CRC) |

### MEMORANDUM OPINION

Plaintiff Richard Figueroa believes that, but for his Hispanic heritage, he would have been promoted by the State Department rather than forced into mandatory retirement. He filed suit in 2016 against the Department, advancing claims under Title VII of the Civil Rights Act of 1964 for both disparate treatment and disparate impact. After the parties conducted discovery regarding those claims, both moved for summary judgment in 2017. In a January 2018 decision, this Court sided with the State Department. That decision concluded, with respect to the disparate treatment claim, that Figueroa had not produced evidence to rebut the Department's proffered legitimate, nondiscriminatory reason for denying his promotion. Figueroa v. Tillerson, 289 F. Supp. 3d 212, 224-28 (D.D.C. 2018). It further held that Figueroa had failed to establish a *prima facie* case of disparate impact. Id. at 228-30.

The D.C. Circuit, in May 2019, affirmed in part, reversed in part, and vacated in part. Figueroa v. Pompeo, 923 F.3d 1078 (D.C. Cir. 2019). Although it agreed that Figueroa's disparate impact claim lacked merit, id. at 1086, it determined that the Department's claimed

---

[1] Secretary Pompeo has been automatically substituted as a party pursuant to Fed. R. Civ. P. 25(d).

nondiscriminatory reason for denying Figueroa a promotion was so vague that it denied him the opportunity to meaningfully rebut it, id. at 1094–95.  Accordingly, the Circuit reversed the portion of this Court's order granting summary judgment to the Department on Figueroa's disparate treatment claim and revived Figueroa's cross-motion for summary judgment with respect to that claim for fresh consideration.  Because the Court now concludes that Figueroa has established a *prima facie* case of disparate treatment, and because the Circuit has determined that the Department failed to rebut that case by providing a legitimate, nondiscriminatory reason for denying his promotion, the Court will enter summary judgment on that claim in Figueroa's favor.

I. **Background**

In its first ruling on the parties' motions for summary judgment, the Court described in detail the State Department's promotion process.  Figueroa, 289 F. Supp. 3d at 215-18.  Because the intricacies of that process are no longer at issue—and the focus is now exclusively on whether Figueroa has established a *prima facie* case of disparate treatment—the Court elides that description here.  Readers interested in a more comprehensive background may refer to the Court's prior opinion.

Figueroa, a Hispanic man born in Puerto Rico, began working at the Department of State in March 1986 in the political cone.  Def. Mot. Summ. J., Ex. B ("Figueroa Dep."), at 6:3-4.  Figueroa was first appointed at the FS-05 level, serving overseas with an initial assignment in Madrid, Spain.  Id. at 6:10-11.  He was administratively promoted from FS-05 to FS-04 in 1988 and up to the FS-02 level by 1997.  Id. at 6:16-25.

Figueroa was first eligible to be promoted to the FS-01 level in 2000, but he was low-ranked by the selection boards in both 2000 and 2001.  Id. at 25:20-26:2.  He was then mid-ranked the next two years, in 2002 and 2003.  Def. Mot. Summ. J., Ex. D ("Pierangelo Dep."), at

128:20-129:2, 130:11-13. In 2004, Figueroa was recommended for promotion and ranked 79th out of the 87 employees eligible that year. Id. at 130:20-131:2. But, he ultimately did not receive a promotion because only 43 promotions were awarded in 2004. See Def. Mot. Summ. J., Ex. F, at DOS001043. Similarly, Figueroa was recommended for promotion in 2005, this time ranked 118th out of 141 eligible employees. Pierangelo Dep. at 131:22-132:3. Again, though, Figueroa did not receive a promotion because only 39 promotions were awarded that year. See Def.'s MSJ, Ex. F, at DOS001043. In 2006 through 2009, Figueroa was again mid-ranked and not ultimately promoted each year. Pierangelo Dep. at 132:5-133:8. Figueroa retired from the Foreign Service in 2009 at the FS-02 level pursuant to Department regulations that mandate retirement for employees who do not receive a promotion within a certain number of years. Figueroa Dep. at 82:13.

In October 2008, following the annual promotion process where he was ultimately mid-ranked, Figueroa met with an Equal Employment Opportunity Counselor at the Department. Def. Mot. Summ. J., Ex. A, at 18. At this meeting, Figueroa alleged that the Department had discriminated against him because of his Hispanic ethnicity when it failed to promote him to the FS-01 level. Id. at 19. He also alleged that the Department systemically discriminated against Hispanics in the promotion and retention of Foreign Service officers and sought a retroactive promotion to the FS-01 level as of 2003 as well as for the Department to "improve its system for promoting and retaining minorities especially Hispanics." Id. at 19-20.

Figueroa then filed a formal complaint of discrimination with the Department's Office of Civil Rights on November 26, 2008. Id. at 14. After an investigation, the Office issued a Final Agency Decision on August 15, 2013, which concluded that Figueroa had not prevailed on his claim of discrimination on the basis of national origin. Def. Reply, Ex. 1 ("Final Agency

Decision"), at 15.  The Final Agency Decision concluded that Figueroa had made out a *prima facie* case of disparate treatment, though not of disparate impact.  Id. at 13-14.  However, the Office found that the Department had put forth a legitimate, nondiscriminatory reason for Figueroa's non-promotion, namely that "it applied the same criteria to consideration of [Figueroa's] promotion candidacy that it applied to all others."  Id. at 14.  Since Figueroa failed to present sufficient evidence of pretext, the Office ultimately rejected his claim of disparate treatment.  Id. at 14-15.  Figueroa appealed this decision to the EEOC, which affirmed the Final Agency Decision on March 1, 2016.  Compl., Ex. 2, at 6-7.

The following month, Figueroa filed suit in this Court against the Secretary of State.  His complaint contends that the Department violated Title VII by discriminating on the basis of national origin in denying his promotion from FS-02 to FS-01 in 2008.  Compl. ¶ 1.  He requests reinstatement in the Foreign Service as well as back pay.  Id. ¶ 16.  The government filed an answer, the parties conducted discovery, and dueling motions for summary judgment followed.

With respect to Figueroa's disparate treatment claim, this Court, relying on the shortcut that the D.C. Circuit set forth in Brady v. Office of Sergeant at Arms, 520 F.3d 490, 494 (D.C. Cir. 2008), "d[id] not look to whether a *prima facie* case has been made."  Figueroa, 289 F. Supp. 3d at 220.  The Court concluded that the Department had offered a legitimate, nondiscriminatory reason for not promoting Figueroa—essentially that Figueroa, though minimally qualified, was *less* qualified than other candidates who were promoted based on criteria that were uniformly applied by the selection boards—and that Figueroa had failed to show that the Department's proffered reason was pretext.  The Court also rejected Figueroa's disparate impact claim.  Accordingly, the Court granted the Department's motion for summary judgment and denied Figueroa's.  Id. at 230-31.

The D.C. Circuit reversed the Court's ruling on Figueroa's disparate treatment claim. See Figueroa, 923 F.3d at 1093-95. The Circuit concluded that the Department had proffered a "vague reason" for Figueroa's non-promotion that did "not explain why the [selection] boards deemed [Figueroa] less qualified than the highest-ranked candidates." Id. at 1093. Without "some evidence explaining how Figueroa compared to the top-ranked finalists, Figueroa [wa]s deprived of a full and fair opportunity" to show that the Department's claimed reason was pretext. Id.

While the Circuit's holding precluded summary judgment in the Department's favor, it did not—by itself—compel summary judgment for Figueroa. That was because this Court never decided, in the first instance, whether Figueroa had established a *prima facie* case of discrimination. On remand, then, the Circuit instructed the Court to decide whether "every reasonable juror would find that the *prima facie* case '*is* supported' by the summary judgment record." Id. at 1095 (quoting St. Mary's Honor Ctr. v. Hicks, 509 U.S. 502, 510 n.3 (1993)). If so, the Court "'*must* find the existence of the presumed fact of unlawful discrimination and *must*, therefore,' issue summary judgment in Figueroa's favor." Id. (quoting St. Mary's Honor Ctr., 509 U.S. at 510 n.3). To that task, then, the Court now turns.[2]

## II. Legal Standards

Summary judgment must be granted when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.

---

[2] In light of the Circuit's decision, the Court directed the government to show cause why the Court should not grant Figueroa's motion for summary judgment on his disparate treatment claim. See Order to Show Cause, ECF No. 28 (Aug. 16, 2019). The government filed a response on August 30, 2019, see ECF No. 33, and Figueroa filed a reply on September 3, 2019, see ECF No. 35. The parties subsequently attempted mediation, which was unsuccessful.

R. Civ. P. 56(a). A factual dispute is "material" if its resolution "might affect the outcome of the suit under the governing law" and "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). In assessing cross-motions for summary judgment, "all ambiguities and . . . factual inferences [are resolved] in favor of the nonmoving party." Moore v. Hartman, 571 F.3d 62, 66 (D.C. Cir. 2009) (citing Anderson, 477 U.S. at 255).

Title VII prohibits discrimination on the basis of national origin in federal employment decisions. 42 U.S.C. § 2000e-16(a). This prohibition encompasses "both intentional discrimination (known as 'disparate treatment') as well as, in some cases, practices that are not intended to discriminate but in fact have a disproportionately adverse effect on minorities (known as 'disparate impact')." Ricci v. DeStefano, 557 U.S. 557, 577 (2009).

To make out a claim of disparate treatment, a plaintiff must show that he suffered an adverse employment action because of his national origin. See Brady, 520 F.3d at 493. Where there is no direct evidence of discrimination, the Court applies the McDonnell-Douglas burden-shifting framework. See Hairston v. Vance-Cooks, 773 F.3d 266, 272 (D.C. Cir. 2014). Under this framework, the plaintiff bears the initial burden of establishing a *prima facie* case of discrimination. Id. If the plaintiff can make out a *prima facie* case, then the burden of production shifts to the defendant to provide a legitimate, nondiscriminatory reason for the adverse action. Id. If the employer fails to do so, and "[i]f every reasonable juror would find that the *prima facie* case is supported by the summary judgment record, then the District Court must find the existence of the presumed fact of unlawful discrimination and must . . . issue summary judgment in [the plaintiff's] favor." Figueroa, 923 F.3d at 1095 (internal quotation marks and emphasis omitted).

6

### III. Analysis

On remand, the sole question confronting the Court is whether every reasonable juror, on the extant summary judgment record, would conclude that Figueroa has established a *prima facie* case of disparate treatment.

As a threshold matter, the Department argues that the Court may not enter summary judgment in Figueroa's favor because the *prima facie* case was not briefed by either side in their first round of briefing. See Def. Resp. Order to Show Cause at 2-3. Both parties simply assumed that a *prima facie* case had been established and proceeded to step two of McDonnell-Douglas. To be sure, "[u]nder the Federal Rules of Civil Procedure, a motion for summary judgment cannot be 'conceded' for want of opposition," Winston & Strawn, LLP v. McLean, 843 F.3d 503, 505 (D.C. Cir. 2016). But, the Circuit's decision does not give the Department license to take back its underlying *factual* admissions or evidence already in the summary judgment record. See Fed. R. Civ. P. 56(e)(2) ("If a party . . . fails to properly address another party's assertion of fact . . . the court may . . . consider the fact undisputed for purposes of the motion [for summary judgment]."); LCvR 7(h)(1) (permitting the Court to "assume that facts identified by the moving party in its statement of material facts are admitted, unless such a fact is controverted in the statement of genuine issues filed in opposition to the motion"); N.S. ex rel. Stein v. D.C., 709 F. Supp. 2d 57, 68 n.3 (D.D.C. 2010) ("[B]ecause the Court strictly enforces LCvR 7(h), the Court shall hold Defendants to the position they adopted in their response to Plaintiffs' Statement of Material Facts"); see generally New Hampshire v. Maine, 532 U.S. 742, 749 (2001) (noting that judicial estoppel "generally prevents a party from prevailing in one phase of a case on an argument and then relying on a contradictory argument to prevail in another phase" (internal quotation marks omitted)). Mindful that it "must always determine for itself

whether the record and any undisputed material facts justify granting summary judgment," the Court concludes, based on the extant summary judgment record, that it must grant summary judgment to Figueroa. Winston & Strawn, 843 F.3d at 505 (internal quotation marks omitted).

The parties appear to dispute the appropriate standard to evaluate a *prima facie* case of discriminatory non-promotion. The Department contends that "[t]o state a *prima facie* case of discrimination, a plaintiff must provide evidence that '(1) she is a member of a protected class; (2) she suffered an adverse employment action; and (3) the unfavorable action gives rise to an inference of discrimination.'" Def. Resp. to Order to Show Cause at 4 (quoting Stella v. Mineta, 284 F.3d 135, 145 (D.C. Cir. 2002)). But, the D.C. Circuit has held that this "traditional McDonnell-Douglas test," which was "designed for a claim of discriminatory refusal to hire," "does not precisely apply to a claim . . . of discriminatory refusal to *promote*." Cones v. Shalala, 199 F.3d 512, 517 (D.C. Cir. 2000) (internal quotation marks omitted). The D.C. Circuit has therefore "adjust[ed] the McDonnell formula" to more precisely accommodate claims of discrimination in "denials of pay or grade increases." Id. (quoting Bundy v. Jackson, 641 F.2d 934, 951 (D.C. Cir. 1981)) (alterations in original).

The test designed "expressly for denials of pay or grade increases" is known as the "Bundy test." Id. (quoting Bundy, 641 F.2d at 951). To establish a *prima facie* case of discrimination based on his promotion denial, Figueroa must show that (1) he belongs to a protected class; (2) that he sought and was qualified for promotion; (3) that he was not promoted; and (4) that, contemporaneous with his rejection, employees of similar qualifications were promoted.[3] See Bundy, 641 F.2d at 951; see also Cones, 199 F.3d at 517; Han Kim v.

---

[3] Although Bundy might be read to suggest that those promoted must be outside of the Plaintiff's protected class, the D.C. Circuit has clarified that that is no longer the law. See Stella,

8

Democratic People's Republic of Korea, 774 F.3d 1044, 1049 (D.C. Cir. 2014). The Court examines each requirement in turn.

*First*, membership in a protected class. Figueroa asserts in his statement of undisputed material facts that he is Hispanic, Pl. SUMF ¶ 5, and that Hispanics constitute a protected class under Title VII, see Figueroa, 923 F.3d at 1083. The Department disputes neither proposition. Therefore, the Court finds that every reasonable juror would conclude Figueroa has established the first element of a *prima facie* non-promotion claim.

*Second*, Figueroa's application to and qualifications for an open position. "McDonnell Douglas and its progeny call upon the Title VII plaintiff to show, in the first instance, only that he was *qualified* for the position sought"—not that he was the *most* qualified for the position. Mitchell v. Baldrige, 759 F.2d 80, 84 (D.C. Cir. 1985). Figueroa states that in 2008, he "was eligible for promotion from FS-02 to FS-01," Pl.'s SUMF ¶ 6, which the Department admits as true, Def. Resp. Pl. SUMF ¶ 6. That satisfies Figueroa's burden. To be sure, the summary judgment record gives rise to a factual dispute about Figueroa's *relative* qualifications for promotion—where he ranked in relation to his peers. But the law is clear that a Title VII plaintiff need not establish his relative superiority to make a *prima facie* case of discrimination. See Mitchell, 759 F.2d at 88 (holding that plaintiff need not prove that "he was as qualified as or more qualified than those selected" for purposes of meeting his *prima facie* burden). That Figueroa *could* have been one of those selected for promotion means that he has fulfilled his obligation as to the second element of the *prima facie* case. And, given the State Department's

---

284 F.3d at 139 ("A plaintiff is not required to show that the person(s) hired in his/her stead belong to a different gender or race."). In any event, the undisputed record shows that the promoted applicants were all outside of the Plaintiff's protected class. See Def. Answer ¶ 7; Def. Resp. to Pl. SUMF ¶ 8.

admission that Figueroa was minimally qualified for the promotion, no reasonable juror could find otherwise.

*Third*, Figueroa's non-selection. It is undisputed that Figueroa was not selected for promotion from FS-02 to FS-01. See Pl.'s SUMF ¶ 7; Def. Resp. to Pl. SUMF ¶ 7. Nothing in the record would permit a reasonable juror to conclude otherwise.

*Fourth*, and finally, there remains the issue of how the employer proceeded after rejecting Figueroa's request for a promotion. The Department promoted 47 political officers from FS-02 to FS-01 in 2008, all of whom came from the same pool of eligible political officers (278 in total) to which Figueroa belonged. Def. Answer ¶ 7; Def. Resp. to Pl. SUMF ¶ 7. On the basis of that uncontested evidence, every reasonable juror would conclude that the State Department promoted applicants with the same basic qualifications as Figueroa.[4] Bear in mind, as the Court explained in assessing the second element of the *prima facie* case, that Figueroa's perceived shortcomings relative to those who were ultimately promoted does not make a difference for purposes of the fourth element. See Mitchell, 759 F.2d at 88-89 (holding that it is *defendant's* burden to produce "evidence of selectees' superior qualifications," which plaintiff need not anticipate and rebut in establishing his *prima facie* case). In sum, then, every reasonable juror would conclude that Figueroa has proved by a preponderance of the evidence a *prima facie* case of disparate treatment in his non-promotion.

In the usual case, this conclusion would mean only that the Court would proceed to asking whether the State Department has offered a legitimate, nondiscriminatory reason for

---

[4] What is more, of those promoted, not one was a member of Figueroa's protected class—despite the fact that 16 Hispanic political officers were eligible for promotion. See Def. Answer ¶ 7; Def. Resp. to Pl. SUMF ¶ 8.

10

Figueroa's non-selection. But the Department has already tried that tack, and the D.C. Circuit has already ruled that its claimed reason was too vague to carry its burden of production at Step Two of McDonnell-Douglas. Because no "reasonable minds could differ as to whether a preponderance of the evidence establishes the facts of a prima facie case," St. Mary's Honor Ctr., 509 U.S. at 509 (emphasis omitted), no question of fact remains, and Figueroa is entitled to summary judgment on his disparate treatment claim.

## IV. Conclusion

The Court will, accordingly, grant Figueroa's Cross-Motion for Summary Judgment and deny the Department's Motion for Summary Judgment with respect to Figueroa's disparate treatment claim. The Court will hold further proceedings on the issue of damages. A separate Order will accompany this Memorandum Opinion.

CHRISTOPHER R. COOPER
United States District Judge

Date: January 8, 2020